IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BESSIE JONES, *Administratrix of the Estate on behalf of* Nathaniel Jeffrey Jones, *et al.*, | Case No. 1:04-CV-616 |
| | District Judge Susan J. Dlott |
| Plaintiffs, | ORDER STAYING CASE PENDING APPEAL |
| v. | |
| CITY OF CINCINNATI, *et al.*, | |
| Defendants. | |

Defendants have appealed this Court's decision granting in part and denying in part Defendants' Motion to Dismiss (doc. 40). This Court hereby stays the case pending the Sixth Circuit Court of Appeals' decision.

This is a civil rights and wrongful death action stemming from an incident in which Nathaniel Jones died following a struggle with officers of the Cincinnati Police Department. Plaintiff Bessie Jones, Nathaniel's grandmother and the administratrix of his estate, brought claims under 42 U.S.C. § 1983 and Ohio law against the officers, their supervisors, responding firefighters, the City of Cincinnati, the chief of police, the fire chief, and the city manager. The Court granted Defendants' motion to dismiss the § 1983 claims against the firefighters and fire chief after finding that they were entitled to qualified immunity, but it denied Defendants' motion on the § 1983 claims against all other defendants.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)

(per curiam). Ultimately, courts of appeals only exercise jurisdiction over those decisions of the district court that are "final." 28 U.S.C. § 1291. However, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

In many cases in which defendants file a notice of an interlocutory appeal of a denial of qualified immunity and thereby divest the trial court of jurisdiction to proceed to trial, the court of appeals ultimately decides that it has no jurisdiction to hear the interlocutory appeal because the district court's decision does not "turn[] on an issue of law." *See, e.g., Hoover v. Radabaugh*, 307 F.3d 460, 466 (6th Cir. 2002) (dismissing interlocutory appeal of denial of claim of qualified immunity for lack of jurisdiction "[b]ecause the determination of the district court was factual and did not raise significant legal questions"). However, the question of a court of appeals' jurisdiction over a particular interlocutory appeal of a denial of qualified immunity lies with the court of appeals, not the district court. *See Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).

Defendants' filing of the notice of appeal conferred jurisdiction on the Sixth Circuit Court of Appeals and divested this Court of its power to try Plaintiff's claims against the Defendants. The case is hereby STAYED pending the appellate court's decision.

IT IS SO ORDERED.

                                                          \_\_\_s/Susan J. Dlott_____
                                                          Susan J. Dlott
                                                          United States District Judge